UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                           ORDER

MICHAEL AZUA,                          17-CR-468 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Michael Azua's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 22), and the Government's opposition thereto, (Doc. 24).

      On July 28, 2020, Defendant was sentenced principally to 66 months' imprisonment. (Doc. 20.) He is scheduled to be released – presumably to a halfway house – on April 9, 2021.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

A sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility and waited at least thirty days for a response.  *See* 18 U.S.C. § 3582(c)(1)(A).  Apparently Defendant has sought only release to home confinement under 18 U.S.C. § 3624, a remedy only the Bureau of Prisons ("BOP"), not the Court, can provide.  *See United States v. Kerrigan*, No. 16-CR-576, 2021 WL 793880, at *1 n.1 (S.D.N.Y. Mar. 2, 2021).  But the Government has waived exhaustion, (Doc. 24 at 3), so I continue to the merits.

Defendant argues that the dangers presented by the coronavirus pandemic in prison,[2] combined with his medical conditions – specifically, asthma and early arthritis – amount to an extraordinary and compelling reason.  Arthritis does not appear on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19, and asthma is a risk factor only if it is moderate to severe.  Defendant's Pre-Sentence Report, (Doc. 21 ¶ 158), and BOP medical records[3] confirm that his

---

[1] The Government needs to update its boilerplate in light of *Brooker*.

[2] I assume that the halfway house to which Defendant is soon headed will be less than ideal in terms of social distancing and mask-wearing, even if better than prison.

[3] The Government shall supply hard copies of the medical records to chambers for filing under seal.

asthma is mild and well controlled. Further, Defendant is fortunate to be incarcerated at a facility that does not presently have a substantial COVID-19 outbreak. According to BOP, there are no positive inmates at FCI Gilmer.

Moreover, Defendant refused the COVID-19 vaccine on March 2, 2021 (before his motion was filed).[4] "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination); *see United States v. Mascuzzio*, No. 16-CR-576, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) (Court hard-pressed to find extraordinary and compelling reasons based on health in light of inmate's "voluntary refusal of an approved vaccine that is highly effective at preventing COVID-19 and may also help keep him from getting seriously ill even if he did get COVID-19") (internal quotation marks and alterations omitted); *United States v. Gonzalez Zambrano*, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care

---

[4] I assume Defendant's counsel was unaware of Defendant's refusal of the vaccine.

afforded to them.").

Accordingly, I do not believe extraordinary and compelling circumstances exist.[5] I therefore do not reach the § 3553(a) factors.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 22.

Dated: April 5, 2021
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[5] Defendant emphasizes that he presents no risk to the community and has family support. Assuming that to be so, these factors do not amount to extraordinary and compelling circumstances. Refraining from criminal conduct upon release is expected. Well meaning family members are also not uncommon, but by definition their support did not prove effective in keeping Defendant on the straight and narrow in the past. While I hope Defendant adheres to his plan to be law-abiding upon release, for his sake and the community's, good behavior and good intentions do not rise to the level of extraordinary and compelling circumstances. Indeed, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" under § 2582(c)(1)(A). 28 U.S.C. § 994(t).